**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUAN A. URIAS )<br>748 Harvard Street NW )<br>Washington, DC 20001 )<br>                                               )<br>         Plaintiff,              )<br>                                               )<br>v.                                         )      Civil Action No. _____<br>                                               )<br>TUPP, INC.                         )<br>d/b/a THAIPHOON RESTARAUNT )<br>2011 S Street NW            )<br>Washington, DC 20009   )<br>                                               )<br>WOODTHICHAI TONGRUGS )<br>6505 Gretna Green Way  )<br>Alexandria, VA 22312     )<br>                                               )<br>         Defendants.         )<br>_____ ) | |

## COMPLAINT

### Introduction

1.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay Plaintiff all wages earned, including minimum and overtime wages, in violation of: the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

### Jurisdiction and Venue

2.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

4.      Plaintiff is an adult resident of Washington, DC.

5.      Defendant Tupp, Inc. is a District of Columbia corporation with its principal place of business at: 2011 S Street NW; Washington, DC 20009. Tupp, Inc. does business as "Thaiphoon Restaurant." Tupp, Inc.'s resident agent for service of process is: Stephen J. O'Brien; 2600 Virginia Avenue, NW, Suite 404; Washington, DC 20037.

6.      Defendant Woodthichai Tongrugs is an adult resident of Fairfax County, VA. He resides at: 6505 Gretna Green Way; Alexandria, VA 22312.

7.      At all relevant times, Woodthichai Tongrugs was an owner, officer and/or agent of Tupp, Inc. who exercised exclusive control over the operation of Thaiphoon Restaurant.

8.      At all relevant times, Defendants were joint employers of Plaintiff within the meaning of 29 C.F.R. § 791.2.

9.      At all relevant times, Defendants — collectively and individually —constituted enterprise(s) engaged in interstate commerce.

10.     At all relevant times, Defendants had more than two employees, and the annual gross volume of Defendants' business exceeded $500,000.00.

## Factual Allegations

11.     Defendant Tupp, Inc. is a Thai restaurant that does business as "Thaiphoon Restaurant" at 2011 S Street NW; Washington, DC 20009.

12.     Plaintiff worked for Defendants from approximately March 15, 2012 through December 28, 2013.

13.     Plaintiff resigned on December 28, 2013.

14.     Plaintiff's job duties included food preparation and dishwashing.

15.     At all relevant times, Plaintiff worked approximately 63 hours per workweek on the premises of Thaiphoon. Plaintiff was required to work 12 hour shifts, six days a week. He was permitted to take a break of 1.5 hours each day.

16.     Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008.

17.     At all relevant times, Plaintiff was not permitted to take vacations or sick days, and he did not in fact do so.

18.     Defendants paid Plaintiff $800.00 in cash for his first 15 days of work. After that, Defendants paid Plaintiff $900.00 in cash on the 1st and 15th of each month. Defendants paid Plaintiff $727.00 in cash for Plaintiff's work from December 16, 2013 – December 28, 2013.

19.     At all relevant times, the federal minimum wage was $7.25 per hour, and the District of Columbia minimum wage was $8.25 per hour.

20.     For Plaintiff's work from March 15, 2012 through December 28, 2013, Plaintiff is owed approximately **$18,993.00** in earned wages.

21.     Woodthichai Tongrugs was alone responsible for setting the terms and conditions of Plaintiff's employment. He had the power to hire and fire Plaintiff, and he exercised exclusive and unfettered control over how many hours Plaintiff worked and how much Plaintiff was paid.

22.     On information and belief, Defendants were at all times aware that they were legally required to pay the legal minimum wage.

23.     On information and belief, Defendants were at all times aware that they were legally required to pay their non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week

## COUNT I
## FAILURE TO PAY WAGES UNDER THE DCWPCL

24.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

25.     Plaintiff was an "employee" within the meaning of the DCWPCL, D.C. Code § 32-1301(2).

26.     Defendants were "employers" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

27.     The DCWPCL defines "wages" to include minimum and overtime compensation. D.C. Code § 32-1301(3).

28.     The DCWPCL provides that "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer." D.C. Code § 32-1302.

29.     The DCWPCL provides that "[w]henever an employee (not having a written contract of employment for a period in excess of 30 days) quits or resigns, the employer shall pay the employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

30.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages earned.

31.     Defendants' violations of the DCWPCL were willful.

32. For their willful violations of the DCWPCL, Defendants are liable to Plaintiff, for unpaid wages, three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

33. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

34. Plaintiff was an "employee" within the meaning of the DCMWA, D.C. Code § 32-1002(2).

35. Plaintiff was a "non-exempt" employee within the meaning of the DCMWA, D.C. Code § 32-1004.

36. Defendants were "employers" within the meaning of the DCMWA, D.C. Code § 32-1002(3).

37. The DCMWA requires that employers pay non-exempt employees the federal minimum wage pursuant to the FLSA, plus $1.00. D.C. Code § 32-1003(a).

38. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

39. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

40. Defendants violated the DCMWA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one work week.

41. Defendants' violations of the DCMWA were willful.

42. For their violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

43. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

44. Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

45. Plaintiff was a "non-exempt" employee within the meaning of the FLSA, 29 U.S.C. § 213.

46. Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

47. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

48. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

49. Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff.

50. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C. § 207(a)(1).

51. Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one work week.

52. Defendants' violations of the FLSA were willful.

53. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against all Defendants, jointly and severally, on all counts, and grant the following relief:

a. Award Plaintiff **$75,972.00**, constituting unpaid wages earned ($18,993.00), plus three times the amount of unpaid wages earned as liquidated damages ($56,979.00), pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff **$37,986.00**, constituting unpaid minimum and overtime wages ($18,993.00), plus an equal amount as liquidated damages ($18,993.00), pursuant to the DCMWA, D.C. Code § 32-1012;

c. Award Plaintiff **$37,986.00**, constituting unpaid minimum and overtime wages ($18,993.00), plus an equal amount as liquidated damages ($18,993.00), pursuant to the FLSA, 29 U.S.C. § 216;

d. Award Plaintiff prejudgment and postjudgment interest as permitted by law.

e. Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

f. Award Plaintiff court costs; and

g. Award any additional relief the Court deems just.

Date: 2/19/2014                              Respectfully submitted,

                                             /s/ Justin Zelikovitz, Esq.
                                             Justin Zelikovitz, #986001
                                             LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                             519 H Street, NW; Second Floor
                                             Washington, DC 20001
                                             Phone: (202) 803-6083
                                             Fax: (202) 683-6102
                                             justin@dcwagelaw.com